JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC PRODUCE SALES, LLC an Arizona limited liability company; FIVE CROWNS MARKETING, INC., a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH GROWERS GROUP INC., a corporation; INOSCENCIO PEREZ, an individual,<br><br>Defendants. | CASE NO. 2:19-cv-07580-DSF-JEM<br><br>**ORDER RE STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS** |

Having read and considered the Stipulation of Undisputed Facts and For Entry of Judgment ("Stipulation") entered into by and between Plaintiffs Epic Produce Sales, LLC ("Epic") and FIVE CROWNS MARKETING, INC. ("Five")(Epic and Five are sometimes referred to collectively as "Plaintiffs"), and Defendants FRESH GROWERS GROUP INC. ("FGG") and INOSCENCIO PEREZ ("Perez")(FGG and Perez are sometimes referred to collectively as "Defendants"), and all other pleadings and papers contained in the Court's file in this matter, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that the Stipulation is approved in its entirety.

**IT IS HEREBY FURTHER ORDERED** that the following facts are hereby adopted by this Court as Stipulated Facts:

1. Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)], holding PACA license number 20121176 in the case of Plaintiff Epic and PACA license number 19860001 in the case of Plaintiff Five.

2. Defendant FGG is, and during all times mentioned herein has been, operating subject to license by the U.S. Department of Agriculture, Perishable Agricultural Commodities Act ("PACA") Branch.

3. FGG is, and during all times pertinent herein was, a purchaser of wholesale quantities of produce subject to the provisions of PACA and subject to licensure thereunder as dealers, commission merchants and/or retailers.

4. Perez is, and during all times pertinent herein was an officer, director, and/or controlling shareholder of FGG, and is and was at all relevant times, an insider with actual and constructive knowledge of the PACA trust and the provisions set forth

therein and who is and during all times herein was responsible for the daily management and control of FGG.

5. During all times herein the Defendants, and each of them, were licensed or were subject to license as dealers or retailers under the PACA, and therefore had actual and/or constructive knowledge of the PACA trust.

6. At all times relevant herein, FGG and Perez engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce in wholesale and jobbing quantities as defined by 7 C.F.R. §46.2(x), as commission merchants, dealers and/or retailers, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

7. Between on and between February 25, 2019 and June 19, 2019, in a series of transactions, Plaintiff Epic sold and shipped perishable agricultural commodities to Defendant FGG at said Defendant's request, for which said Defendant agreed to pay Plaintiff Epic in amounts at least as great as the principal sum of $261,095.42 ($282,282.42 when Complaint was filed).

8. Between on and between June 5, 2019 and July 10, 2019, in a series of transactions, Plaintiff Five sold and shipped perishable agricultural commodities to Defendant FGG at said Defendant's request, for which said Defendant agreed to pay Plaintiff Five in amounts at least as great as the principal sum of $37,856.00.

9. At or about the date of each transaction described above, Plaintiffs forwarded to Defendants invoices for said transactions setting forth in detail the amounts owed by said Defendants for Defendants' purchase of the commodities.

10. Plaintiffs have repeatedly demanded that Defendants pay the amounts due and owing under the invoices. However, Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs for the produce purchased and no part of those sums due and owing has been paid.

11. As a direct and proximate result of the failure of Defendants to remit payment due to Plaintiffs as described above, Plaintiffs have suffered losses in the principal amount of at least $261,095.42 in the case of Plaintiff Epic and the principal amount of at least $37,856.00 in the case of Plaintiff Five, plus recoverable attorney's fees and finance charges of 1.5% per month pursuant to written agreements between the parties, owed to both Plaintiffs

12. Plaintiffs have performed all conditions, covenants and obligations required to be performed by it under the agreement for sale of produce as set forth herein.

13. The commodities described above were sold in the course of and in contemplation of entering interstate and/or foreign commerce.

14. The Individual Defendant is a statutory PACA trustee obligated to preserve the PACA trust assets for the benefit of Plaintiffs as PACA trust beneficiaries of Defendants and the Individual Defendant has breached its obligation as a statutory trustee by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiffs. The Individual Defendant is therefore liable to Plaintiffs for such breach.

15. The total principal amount due under this Stipulation is $298,951.42 (principal amount of $261,095.42 due to Plaintiff Epic and principal amount of

$37,856.00 due to Plaintiff Five), plus other amounts set forth herein, all of which qualifies for protection under the trust provisions of PACA [7 U.S.C. §499e *et seq.*].

16. Plaintiffs have issued invoices to Defendants confirming the above-described sales which contain written terms providing for recovery of finance charges on past due sums at the rate of 1.5% per month (18% annually) and attorneys' fees incurred in connection with collecting the sums due. Plaintiffs are, therefore, entitled to recover said finance charges and attorneys' fees as part of Plaintiffs' PACA trust claim. However, as consideration for entering into this payment plan, Defendants will only be charged 7.5% interest per annum starting to accrue from the date of this Stipulation. To date, attorney fees total $10,193.40 in the case of Epic and $410.09 in the case of Five, for a total of $10,603.49 in attorney's fees that are included in the repayment. Finance charges on the principal balance due are included over the course of the repayment period at the rate of 7.5% interest per annum. In the event of default, as contemplated herein, Plaintiffs expressly reserves the right to recapture all additional attorney fees incurred, in addition to all costs incurred, and all contractual finance charges due to Plaintiffs at the actual rate of 1.5% per month as per the contractual language contained on Plaintiffs' invoices, subject to proof as to these amounts

17. All admissions and stipulated facts set forth above are made for the purpose of facilitating settlement of the dispute between The Parties. Said admissions and stipulated facts are binding upon The Parties hereto for all purposes but may not be used or relied upon by any person not a party to this agreement for any purpose whatsoever. The Parties, for themselves and for no others, wish to avoid the further expense and uncertainty of litigation and therefore wish to fully resolve and compromise this dispute,

and desire to enter into a Stipulation for Entry of Judgment whereby said Defendants shall pay to Plaintiffs the amounts agreed to therein.

**IT IS HEREBY FURTHER ORDERED** that the foregoing Findings of Fact are binding upon the Parties hereto for all purposes but shall not be relied upon by any person not a party to this agreement for any purpose whatsoever.

**IT IS HEREBY FURTHER ORDERED** that in the event of default as contemplated by this Stipulation, the Defendants agree that judgment may be entered against them in the full principal amount due plus all finance charges at 18% per annum, plus attorney's fees, on an ex parte basis. The judgment may be enforced immediately and without further court order, subject only to the Defendants' right to seek a stay of enforcement of judgment based only upon the following grounds: (a) whether a default has in fact occurred, as such default is contemplated herein; or, (b) whether any sums acknowledged by Plaintiffs as having been received by Plaintiffs prior to default are accurate. If the Defendants intend to seek a stay of enforcement of the judgment under this paragraph, then the Defendants' notice of intent to seek stay enforcement of judgment and any related pleadings shall be served in compliance with applicable Local Rules of the United States District Court for the Central District of California and Federal Rules of Civil Procedure governing *ex parte* applications. In the event the Defendants intend to seek a stay of enforcement of judgment, such notice and all related pleadings shall be filed and served on Plaintiffs' counsel within the time period provided by the applicable Local Rules of the United States District Court for the Central District of California and Federal Rules of Civil Procedure governing *ex parte* proceedings. Failure

to file and serve any such notice within such period will be deemed the Defendants' admission of default.

**IT IS FURTHER ORDERED** that upon entry of this Order the complaint in the above-captioned matter may be dismissed, without prejudice, subject to re-opening in the event of default for the limited purposes of interpreting and enforcing the Stipulation and entering and enforcing Judgment thereon.

**IT IS FURTHER ORDERED** that the U.S. District Court for the Central District of California shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Agreement and Stipulation and to enter and enforce judgment thereon.

**IT IS SO ORDERED**:

DATED: January 21, 2020      _____
                             HON. DALE S. FISCHER
                             UNITED STATES DISTRICT JUDGE